## Clark *vs.* McCarthy *et al.*

The street commissioner of the city of San Francisco is empowered to use the necessary force to prevent an injury to the public streets of the city, and no action can be sustained against him, or those who act under his orders, for using such force.

Appeal from the superior court of the city of San Francisco, where judgment was rendered in favor of the defendants.   The facts are stated in the opinion of the court.

*R. Lockwood,* for the plaintiff.

*John W. Dwinelle,* for the defendants.

*By the Court,* Bennett, J.   The plaintiff was engaged in removing the planks from a wharf at the foot of Broadway street in the city of San Francisco, and cutting off the piles one or two feet for the purpose of making this wharf correspond in

Clark v. McCarthy.

height with a new wharf which the plaintiff was building next adjoining on the north. The defendant McCarthy, being the street commissioner of the city of San Francisco, and the other defendant by his orders, compelled the plaintiff to desist by force, but used no more force than was necessary to effect that object. The plaintiff owned the land adjoining the wharf on the north, and one question made at the trial was whether the spot, at which he was at work, was on his own land or on that portion of the wharf which was in the street. We must presume the latter under the verdict of the jury. The plaintiff then was removing planks and cutting off the piles of a public wharf at the foot of one of the public streets. I think the street commissioner had the right to use the necessary force to prevent any injury to the wharf, which was, in truth, but a continuation of the street. The wharf had been built of a certain height, and it was not for the plaintiff to say whether it was too high or too low. If he wished the grade altered he should have applied to the proper authorities. It will not do, to permit every individual to determine for himself, whether the grade of a street or a wharf is too high or too low, and, if he be dissatisfied with it, to set about altering it. This case differs from the case of the *City of San Francisco* v. *Clark*, (*ante, p.* 386.) In the latter, the defendant was doing the only thing by which a street could be made susceptible of use, which was before impassable. Here, the plaintiff was doing an act that rendered a street impassable, which the public was daily using.

I think, therefore, that the portion of the charge of the court by which the jury were instructed, that, if the wharf in controversy was a continuation of Broadway street, it was the duty of the street commissioner to protect it from injury, was well enough. That portion of the charge instructing the jury that, if the *city had an interest in the wharf*, it was the duty of the street commissioner to protect it from injury is, as an abstract proposition, too broad; but so far as it has any applicability to the facts of this case, could not, I apprehend, have affected the verdict of the jury one way or the other.

The facts on which my opinion is based are briefly these :—

A public street in daily use as such—the plaintiff actually engaged in doing an act which entirely deprived the public of the easement—the defendant McCarthy, as street commissioner, interfering to prevent the continuance of the plaintiff's proceedings, and using no more force than was necessary to accomplish that object. I think the judgment should be affirmed.

Ordered accordingly.